Neel, Stephen E., J.
Defendants allege that in 1996 plaintiff destroyed some 500 boxes of documents relating to plaintiffs 150-year history of operations at the Sawyer Passway Site (Site); that in 1998 and 1999, plaintiff destroyed another 214 boxes; and that in 2006, just prior to commencing this action, plaintiff destroyed additional documents.[3] Plaintiff responds that most of the documents destroyed were not relevant to the manufactured gas plant (MGP) which is the subject of the complaint, or were cumulative of substantial documents and information which plaintiff did provide defendants. Defendants move for dismissal or, in the alternative, for exclusion of certain evidence, and adverse inference instructions to the juiy. After hearing, and for the reasons stated below, the motion will be allowed in part.
DISCUSSION
In evaluating the parties’ memoranda and affidavits, the Court is mindful of the following principles governing the law of spoliation in Massachusetts.
The doctrine of spoliation “permits the imposition of sanctions and remedies for the destruction of evidence in civil litigation.” Keene v. Brigham and Women’s Hosp., Inc., 439 Mass. 223, 234 (2003). However, “the sanction should be narrowly ‘addressed to the precise unfairness that would otherwise result.’ ” Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 706 (2005) (quoting Keene at 235). The doctrine is “based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results.” Keene, at 234. That the missing records “vanished years before the commencement of the lawsuit does not make the doctrine of spoliation inapplicable ... ‘if a litigant. . . knows or reasonably should know that the evidence might be relevant to a possible action.’ ” Id. (citation omitted).
As a general rule, a judge “should impose the least severe sanction necessary to remedy the prejudice to the nonspoliating party.” Id., at 235. Generally, the “extreme sanction” of dismissal or default judgment should be predicated on a finding of wilfulness or bad faith, and ordinarily would not be appropriate in a case of negligent spoliation. Id., at 235-36.
“Massachusetts affords a greater range of remedies for spoliation than the majority of jurisdictions, which limit relief to permitting an adverse inference against the responsible party.” Gath v. M/A-Com, Inc., 440 Mass. 482, 488 (2003). The Supreme Judicial Court has held that a judge “may exclude evidence to remedy unfairness caused by the destruction or alteration of evidence by a party to litigation or by persons affiliated with a party.” Scott v. Garfield, 454 Mass. 790, 799 (2009), citing Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544 (2002). Remedies also include “allowing the party who has been aggrieved by the spoliation to present evidence about the preaccident condition of the lost evidence and the circumstances surrounding the spoliation,” Scott, supra, 454 Mass. at 799, quoting Gath, and instructing the jury on the inferences that may be drawn from the spoliation, see Gath, 440 Mass. at 488. These remedies may be cumulative, “as determined by the judge from the circumstances of each case, in the exercise of broad discretion.” Id. In deciding the issue, the Court may place the burden on the spoliating party to prove that there was no fault in its failure to preserve the evidence lost. Scott, at 799.
Guided by the foregoing, and the materials submitted, the Court finds and rules as follows.
1. Plaintiffs destruction of documents in 1996, 1998-1999, and 2006, was negligent, not wilful or in bad faith. Accordingly, the “extreme sanction” of dismissal is not warranted. Keene, at 235-36. This is not a case like Keene, in which the discarded documents comprised the only record of the alleged medical malpractice. Here, defendants have received a relatively vast amount of discovery regarding the Site and plaintiffs conduct.
2. Plaintiff anticipated insurance coverage litigation concerning the Site not later than 1985.
*568 3. Plaintiff generally discarded the subject documents pursuant to plaintiffs document retention policy.
4. Plaintiffs destruction of documents in 1996, 1998-1999, and 2006, and the documents themselves, are variously described in the depositions of participants and others with knowledge about the documents destroyed (e.g., Messrs. Carroll, Joyce, LaBelle, Dik, Beauvias, Sundstrom, Bourque, Foote, Gatherum), and lists generated describing the documents. After reviewing those depositions and lists, the Court finds (a) that, at the time plaintiff discarded such documents, plaintiff had notice of the potential claims that underlie this action; (b) that, while the documents discarded related largely to non-MGP operations, there were also documents relevant to the Site and to insurance matters pertaining thereto (as demonstrated, e.g., by the contents of the four boxes of documents that were retrieved by plaintiffs employees from the 1996 destruction); and (c) that defendants have suffered sufficient prejudice from the destruction of those documents to warrant some measure of relief.
ORDER
In view of the significant amount of information which defendants have obtained about the Site, and for the reasons stated above, it is hereby ORDERED as follows.
(1) Defendants may offer evidence at trial concerning the plaintiffs destruction of documents and the circumstances thereof, and plaintiff may offer evidence regarding the same. The trial judge may circumscribe such evidence to the extent necessary to allow each side generally to explain to the jury what was done, and to offer lists and other records of the documents destroyed, while preventing lengthy presentations of cumulative or unnecessary detail. Defendants shall be entitled to an instruction that the jury may (but are not required to) infer generally from such evidence that among the documents destroyed were documents pertaining to the matters at issue in this case, and that such documents contained information favorable to defendants and unfavorable to plaintiff.
(2) Where, based on records of plaintiff referring to or identifying specific documents or specific categories of documents which were destroyed (see, e.g., Affidavit of Michael S. Komar, Ex.’s AAA, BBB, EEE, GGG, HHH), there is a particularized basis upon which to conclude that such documents or categories of documents were relevant to plaintiffs claim, defendants may seek an instruction to the jury that the juiy may (but are not required to) infer that such specifically identified documents or categories of documents contained information favorable to defendants and unfavorable to plaintiff with regard to the subject matter thereof. The trial judge will determine whether, in light of the evidence at trial, the probative value of the evidence of such documents or categories outweighs the prejudicial effect thereof.
(3)Defendants shall compile a list of all such references (i.e., from plaintiffs lists and other records, including deposition excerpts, identifying specific documents or categories of documents destroyed), which they seek to offer at trial, and shall serve them in the form of a motion in limine on a date to be scheduled by the Court at the final pre-trial conference.

 Defendants also allege that, a few months after commencing this action, plaintiff “undertook destructive testing of soil and subsurface structures at the Site, without any notice to Defendants.” Defendants’ Memorandum, at 2-3. The Court concludes that the testing was not so destructive of materials and soil at those locations as to inflict undue prejudice on defendants.